## SCHULMAN, Recr, etc v STAR HOME FURNITURE CO

Ohio Appeals, 2nd Dist, Montgomery Co
No 915.  Decided July 17, 1929

A. W. Schulman and Irvin C. Delscamp, both of Dayton, for Schulman.

E. J. Schanfarber, Columbus, and Kusworm & Shaman, Dayton, for Furniture Co.

KUNKLE, J.

Plaintiff in error, in his petition in error, assigns a number of grounds of error. Counsel have favored the court with unusually exhaustive briefs, in which some of the pertinent testimony is quoted in de-

tail and in which many authorities are cited to sustain the respective claims of counsel. We have carefully considered these briefs and have read the bill of exceptions containing the evidence, but shall not undertake to discuss either the evidence or the authorities in detail.

We shall merely announce the conclusion at which we have arrived after such consideration of the record and the briefs of counsel.

We think the trial court properly overruled the motion for a judgment notwithstanding the verdict and also properly overruled the motion of plaintiff in error for a new trial.

It is urged with considerable force in the brief of counsel for defendant in error that this court is without authority to again consider the weight of the evidence in this case. This contention is based upon the ruling of the trial court in the first hearing wherein the verdict of the jury was set aside. It is well settled in Ohio that a trial court may not grant a second new trial upon the ground of the weight of the evidence, and that the Court of Appeals may not reverse the trial court for its failure to do so. We do not think this rule applies to the case at bar. The former verdict was not sustained **by any evidence or the pleadings.** This implies that the court passed upon the former motion as a question of law as well as a question of fact.

Upon a consideration of the evidence, however, we are of opinion that there is evidence to support the verdict as returned by the jury and that the verdict is not against the manifest weight thereof. Objection is also made by counsel for plaintiff in error to the refusal of the trial court to give certain special instructions requested by plaintiff in error before the argument of the case to the jury.

From the state of the record, we are of opinion that the plaintiff in error was in no way prejudiced by the failure of the trial court to give such special instructions.

We find no error which we consider prejudicial to the plaintiff in error in the matter of the admission or rejection of testimony. Had this matter been submitted to us as a trier of the facts, we might have arrived at a different conclusion from that which was reached by the jury, but in view of the conflict in the testimony in many respects, we are not prepared to say that the jury was not justified in arriving at the conclusion which it did.

We have read the charge of the trial court and are of opinion that the case was fairly and fully presented to the jury for its consideration by the trial court and that such charge was in no respect prejudicial to plaintiff in error. We have considered all the grounds of error urged by counsel for plaintiff in error but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Allread and Hornbeck, JJ., concur.